PLEUS, C.J.
The defendant appeals from his conviction and sentence for sexual battery on a person less than 12 years of age by a person 18 years of age or older. He raises two points, neither of which we find meritorious.
First, the trial court did not abuse its discretion in denying the defendant’s motion for a continuance made after the State, on the eve of trial, was permitted to add as a witness the victim’s mother, whose recent whereabouts were just discovered. The trial court allowed the defense to depose the witness and a tran *1173 script of her deposition testimony was prepared before she testified at trial. The defense may have been inconvenienced by the court’s decision to allow the witness to testify, but inconvenience does not transcend into undue prejudice which the defendant was required to show for reversal. See Randolph v. State, 853 So.2d 1051 (Fla.2003); Fennie v. State, 648 So.2d 95 (Fla.1994).
Second, the defendant’s claim that fundamental error occurred in connection with the prosecutor’s opening and closing argument is likewise unconvincing. Many of the unobjected-to comments during closing, wherein the defendant argues the prosecutor impermissibly vouched for the credibility of the victim, were permissible argument that, based on the circumstances surrounding her testimony, the witness was worthy of belief. See Miller v. State, 926 So.2d 1243 (Fla.2006). Other argument amounted to fair comment on the evidence. The unobjected-to arguments whereby the prosecutor improperly embellished the State’s case are not the type of egregious remarks which rise to the level of fundamental error, particularly given that the jury was explicitly instructed that opening and closing argument do not themselves constitute evidence. Compare Ruiz v. State, 743 So.2d 1 (Fla.1999).
AFFIRMED.
LAWSON and EVANDER, JJ., concur.